(C.D. 3016)

E. DILLINGHAM, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided May 25, 1967)

*Barnes, Richardson & Colburn* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before OLIVER, WATSON, and RAO, Judges

OLIVER, Judge: This protest has been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that the record as made to date in the above-entitled case be expunged and that the protest can be submitted on the following stipulation:

1. That the merchandise on the invoices in the entries in the above protest was assessed with duty under Item 737.90, Tariff Schedules of the United States, as parts of toys, not specially provided for, other than those having a spring mechanism, and duty was assessed at the rate of 35% ad valorem.

2. That said merchandise consists of unfinished photographic projection screens of the type specified in Item 722.70, TSUS.

3. That plaintiff claims that said merchandise is dutiable at 20% ad valorem under Item 722.70 by reason of General Interpretative Rule 10(h) which provides in pertinent part "* * * a tariff description for an article covers such article, * * * whether finished or not finished;" and General Interpretative Rule 10(ij) which provides in pertinent part that a provision for "parts" of an article "does not prevail over a specific provision for such part."

This case is before us on issues of law only, viz, (1) the application of General Interpretative Rule 10(h) of the General Headnotes and Rules of the Tariff Schedules of the United States to the stipulated description of the merchandise as "unfinished photographic projection screens" and (2) the further application of General Interpretative Rule 10(ij) to the tariff provision for parts of toys in items 737.90 and the provision in item 722.70 for photographic projection screens.

General Interpretative Rule 10(h) reads in full as follows:

unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished;

We find nothing in the context of the tariff description in item 722.70 which would prohibit coverage of the instant merchandise.

General Interpretative Rule 10(ij) reads in full as follows:

a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

It would be difficult to view the language of item 722.70 as other than specific as it relates to the merchandise described in this case, and no attempt has been made to do so. Also it will be noted (schedule 7, part 5, subpart E, headnote 1) that the invasive character of the toy schedules does not have application to articles that are "parts."

Therefore, on the agreed facts and applying the General Interpretative Rules mentioned above, we hold the articles in question, as hereinabove identified, to be properly dutiable at the rate of 20 per centum ad valorem under item 722.70 of the Tariff Schedules of the United States as photographic projection screens, as claimed by plaintiff.

To the extent indicated the protest is sustained and judgment will be rendered accordingly.